UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **HERBERT TODD,** | § § § | |
| *Plaintiff,* | § § | |
| vs. | § § | CIVIL ACTION NO. 21-900 |
| **CROWN EQUIPMENT CORPORATION,** | § § § | |
| *Defendant.* | § § | |

### DEFENDANT CROWN EQUIPMENT CORPORATION'S NOTICE OF REMOVAL

NOW COMES Defendant, **CROWN EQUIPMENT CORPORATION**, and files this Notice of Removal of the present action from the 438th District Court of Bexar County, Texas, where it was filed as Cause No. C2021CI15992 ("the State Court Action"), to the United States District Court for the Western District of Texas, San Antonio Division. As grounds for removal, Defendant states as follows:

### I. INTRODUCTION

1. The present products liability suit arises from an alleged incident that occurred on August 8, 2019, at a Coca-Cola Bottling Company facility in San Antonio, Bexar County, Texas.[1] At the time of the alleged incident, Plaintiff was employed by Randstad Staffing and using a pallet jack within the Coca-Cola Bottling Company's facility.[2] Plaintiff alleges the pallet jack was designed, manufactured, supplied and maintained by Defendant Crown Equipment Corporation.[3] Plaintiff claims, while using the pallet jack, it began to throw Plaintiff around, then into a wall and

---

[1] Plaintiff's Original Petition, ¶¶ 9–10, ***Exhibit "1"*** attached hereto.
[2] *Id*.
[3] *Id*. at ¶ 10.

thereafter took off at full speed.[4] Plaintiff further claims Defendant Crown Equipment Corporation failed to make a reasonable inspection to discover or correct alleged defects in the pallet jack, failed to provide adequate safety precautions, failed to post adequate warnings of the alleged dangers of the pallet jack and failed to provide cautionary instructions to the user of the pallet jack, causing the incident made the basis of the lawsuit, and thereby sustaining alleged injuries losses and/or damages.[5] Plaintiff seeks monetary relief over $1,000,000.[6]

2. On August 6, 2021, Plaintiff filed the State Court Action naming Defendant as Defendant and asserting negligence, strict products liability and gross negligence theories of recovery against Defendant Crown Equipment Corporation.[7] As damages, Plaintiff seeks medical expenses in the past and future, physical pain and mental anguish, in the past and future, physical disfigurement in the past and future, loss of wages, in the past and future, loss of earning capacity in the past and future and exemplary damages.[8]

3. Pursuant to 28 U.S.C. § 1446(a), all process, pleadings, and orders served on Defendant in the State Court Action are attached hereto.

## II. REMOVAL IS TIMELY

4. Plaintiff served Defendant Crown Equipment Corporation with process on August 26, 2021.[9] Pursuant to 28 U.S.C. § 1446(b)(3), Defendant now timely files this Notice of Removal within 30 days after service and receipt of Plaintiff's Original Petition. Additionally, this case is

---

[4] *Id*.
[5] Plaintiff's Original Petition, ¶ 12, ***Exhibit "1"*** attached hereto.
[6] Plaintiff's Original Petition, ¶ 6, ***Exhibit "1"*** attached hereto.
[7] Plaintiff's Original Petition, ¶¶ 11–25, ***Exhibit "1"*** attached hereto.
[8] Plaintiff's Original Petition, ¶¶ 27–28, ***Exhibit "1"*** attached hereto.
[9] Notice of Service of Process, ***Exhibit "2"*** attached hereto.

being removed within one year of commencement of the action, as required by 28 U.S.C. § 1446(c)(1).

### III. GROUNDS FOR REMOVAL

5.Removal is proper because Plaintiff and Defendant are completely diverse, and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a)(1).[10]

**A.The Amount in Controversy Exceeds $75,000**

6.As required under section 28 U.S.C. 1332(a), the amount in controversy in this litigation exceeds the sum or value of $75,000, exclusive of interest and costs. As noted in paragraphs 1 and 5, above, Plaintiff seeks recovery for personal injuries, losses and/or damages he alleges to have sustained during this incident and requests monetary relief over $1,000,000.00.[11]

**B.Complete Diversity of Citizenship Between Plaintiffs and Defendants**

7.Complete diversity "requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *See McLaughlin v. Mississippi Power Co.,* 376 F.3d 344, 353 (5th Cir.2004); *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008). Complete diversity exists in this case between Plaintiff and Defendant because Plaintiff is citizen of the State of Texas, and Defendant is a citizen of Ohio.[12] Here, Plaintiff and Defendant are citizens of different states, thus, there is complete diversity of citizenship between the parties. *See Hertz Corp. v. Friend*, 559 U.S. 77 (2010); *McLaughlin*, 376 F.3d at 353; *Harvey*, 542 F.3d at 1079.

### IV. VENUE IS PROPER

---

[10] Plaintiff's Original Petition, ¶ 6, ***Exhibit "1"*** attached hereto.
[11] *Id*.
[12] Plaintiff's Original Petition, ¶ 2, ***Exhibit "1"***; Affidavit of Alan Huber, Associate General Counsel for Crown Equipment Corporation, ***Exhibit "3"***.

8. Venue is proper in this Court under 28 U.S.C. § 1441(a) because this district and division embrace the location in which the removed State Court Action has been pending. Specifically, the San Antonio Division of the Western District of Texas encompasses Bexar County, Texas. *See* 28 U.S.C. § 124(d)(4).

## V. DEFENDANT HAS COMPLIED WITH ALL PROCEDURAL REQUIREMENTS FOR REMOVAL

9. As required under 28 U.S.C. § 1446(a), the following documents are attached to this Notice of Removal:

    a.    ***Exhibit 1:***    Plaintiff's Original Petition;

    b.    ***Exhibit 2***:    Citation addressed to Defendant;

    d.    ***Exhibit 3:***    Affidavit of Alan Huber;

    e.    ***Exhibit 4:***    Original Answer of Defendant; and

    f.    ***Exhibit 5:***    Docket sheet from the State Court Action.

10. A Notification of Removal of Civil Action has today been filed with the District Clerk of Bexar County, Texas as required by 28 U.S.C. § 1446(d) and served on Plaintiff's attorney of record.

11. The filing fee has been paid by Defendant to the Clerk of the Court.

## VI. JURY DEMAND

12. Plaintiff and Defendant made a jury demand in the State Court Action.

## VII. CONCLUSION AND PRAYER

13. Defendant represents it has complied with the removal statutes set forth above, and, thus, this action stands removed from the 438th District Court of Bexar County, Texas to the United States District Court for the Western District of Texas, San Antonio Division. Accordingly, the filing of this notice, along with the filing of the notice in the State Court Action and service of

same upon Plaintiff's counsel serves immediately to confer exclusive jurisdiction of this action upon this court, and divests the state court of all jurisdiction over these proceedings and claims.

14. This Notice of Removal is filed expressly subject to and without waiving any defenses or objections to Plaintiff's Original Petition as allowed by the Federal Rules of Civil Procedure or by any applicable law.

            RESPECTFULLY SUBMITTED,

            **LANGLEY & BANACK, INC.**
            Trinity Plaza II, Seventh Floor
            745 East Mulberry, Suite 700
            San Antonio, Texas 78212-3166
            (210) 736-6600 – Telephone
            (210) 735-6889 – Telecopier
            pkilpatrick@langleybanack.com
            bmetcalf@langleybanack.com

            By: */s/ Peter L. Kilpatrick*
            **PETER L. KILPATRICK**
            State Bar No. 11416545
            **BRIAN A. METCALF**
            State Bar No. 24100602
            (Application to practice in Western District of Texas submitted and pending)
            ***Attorneys for Crown Equipment Corporation***

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served on all counsel of record in compliance with the Federal Rules of Civil Procedure and Local Rules for the Western District of Texas on this the 20th day of September, 2021:

Alexis A. Medina
SBN 24115154
Email: aissa@hmglawfirm.com
Robert C. Hilliard
SBN: 09677700
Email: bobh@hmglawfirm.com
John B. Martinez
SBN: 24010212
Email: john@hmglawfirm.com
Rudy Gonzales, Jr.
SBN: 08121700
Email: rudyg@hmglawfirm.com
Catherine T. Hilliard
SBN: 24013642
catherine@hmglawfirm.com
Michael L. Orth
SBN: 24079089
morth@hmglawfirm.com
Michael B. Mathis
SBN: 24083460
mmathis@hmglawfirm.com
Aissa L. Barrera
SBN: 24117454
aissa@hmglawfirm.com
HILLIARD MARTINEZ GONZALES, LLP
719 S. Shoreline Blvd.
Corpus Christi, Texas 78401
361.882.1612
361.882.3015 Fax
Service Email: hmgservice@hmglawfirm.com
***Attorneys for Plaintiff***

 

           */s/ Peter L. Kilpatrick*
           PETER L. KILPATRICK